# Exhibit 1

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| MARQUEZ L. BEASLEY ) | |
| 10400 Hillcrest Rd. ) | |
| Kansas City, Missouri 64134 ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DESTINATION XL GROUP, INC. ) | |
| 555 Turnpike Street ) | |
| Canton, Massachusetts 02021 ) | |
|     Defendant. ) | |

**PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Plaintiff, MARQUEZ L. BEASLEY ("Plaintiff" or "Mr. Beasley"), by and through counsel, in his Petition for his cause of action against Defendant, DESTINATION XL GROUP, INC ("DXL" or "Defendant") on claims of discrimination and retaliation. Plaintiff seeks compensatory and punitive damages against DXL states as follows:

**NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS**

1. Plaintiff brings this action against DXL for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.* as result of DXL: a) unlawful denial of Mr. Beasley's employment opportunities based on his race; b) retaliation for reporting wrongful conduct of discrimination and retaliation; and c) engaging in other related lawful acts, conduct, and practices. Mr. Beasley seeks compensatory and punitive damages against DXL states as follows:

2. The acts, conduct, and practices which form the basis for this action have resulted in DXL discriminating against Mr. Beasley on the basis of his race with respect to the terms, conditions, and privileges of his employment, and, the procedure or manner in which DXL have evaluated Mr. Beasley's qualifications for continued employment opportunities has resulted in

prohibited race discrimination as well as retaliation. Mr. Beasley was also subjected to a racially hostile work environment and disparate treatment.

3. The related acts, conduct, and practices of DXL are a violation of §1981, and Kansas common law.

4. The unlawful conduct of DXL, which deprived Mr. Beasley of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would have earned and been entitled to but for the discrimination and retaliation alleged in this Petition.

5. In violation of §1981, and Kansas common law, DXL has repeatedly and continuously discriminated and retaliated against Mr. Beasley for engaging in protected activity, such as but not limited to, his reporting racially hostile conduct of management and co-workers and other discriminatory conduct to corporate headquarters.

6. DXL's actions also are in violation of Kansas common law prohibiting discrimination against any employee.

**Parties, Jurisdiction and Venue**

7. MARQUEZ L. BEASLEY ("Mr. Beasley" or "Plaintiff") resides at 10400 Hillcrest Rd, Kansas City, Jackson County, Missouri. He is a 34-year-old African American.

8. Mr. Beasley was employed at DXL, located at 9702 Quivira Rd, Lenexa, Johnson County, Kansas 66215 (operating as DXL Big + Tall). DXL is a foreign for-profit corporation headquartered in 555 Turnpike Street, Canton, Massachusetts, with facilities located all over the country including in Johnson County, Kansas. Therefore, DXL has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

9. At all times during Plaintiff's employment with DXL, DXL was an "employer" as defined by § 1981, specifically 42 U.S.C. § 2000e, because DXL was engaged in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of Plaintiff's employment with DXL.

10. At all times during Plaintiff's employment with DXL, DXL was an "employer" as defined by the Kansas Act Against Discrimination (KAAD), specifically K.S.A. § 44-1112(d), because DXL employed four or more persons in Kansas at all times during Plaintiff's employment.

11. At all times during Plaintiff's employment with DXL, DXL was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of his employment with DXL.

12. DXL treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

13. This Court has subject matter jurisdiction over this action pursuant to Article 3, Sections 1 and 6(b) of the Kansas Constitution and Kan. Stat. Ann. 20-301.

14. This Court has personal jurisdiction over Defendants because this action arises from tortious acts Defendant committed in Kansas.

15. Venue is proper under Kan. Stat. Ann 60-603 because this cause of action arose in Johnson County, Kansas.

16. This Court has jurisdiction over the claims set out in this Petition under 28 U.S.C. §1331 because Plaintiff's claims under Section 1981, arise under federal law.

17. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a

common nucleus of operative facts and they would ordinarily be expected to be tried in one judicial proceeding.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

19. DXL is subject to personal jurisdiction in Kansas because DXL conducts substantial and ongoing business in Kansas, and as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

20. Mr. Beasley seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

21. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section §1981 and related law.

## FACTUAL ALLEGATIONS

22. Mr. Beasley began his employment with DXL in their Johnson County, Kansas location in approximately January 2014.

23. Mr. Beasley held the position of an assistant manager for the duration of his employment and during much of the time that gives rise to the events that took place in this petition.

24. Mr. Beasley had an excellent employment record with DXL prior to the incidents that gave rise to this action.

25. Mr. Beasley has experienced race discrimination at DXL and has filed complaints with human resources regarding the discriminatory and retaliatory treatment he has received.

26. Beginning in approximately May 2014, and continuing until his unlawful termination, Mr. Beasley had been subjected to constant racial discrimination and harassment by his supervisors, managers and peers.

27. Due to the high turnover rate at DXL, Plaintiff was required to serve dual roles, that is, both manager and assistant manager, but without any additional pay or training.

28. Plaintiff performed both roles excellently and at a high level of productivity during his employment with DXL.

29. However, management repeatedly denied Mr. Beasley's several requests for a pay raise commensurate with a managerial position.

30. Management also repeatedly denied Mr. Beasley advancement opportunities into a managerial position, despite his years of experience (at least four years), qualifications and skills.

31. Instead, management sought out alternative, underqualified candidates to fill the role of manager.

32. At the start of the new year in 2017, DXL employed an older white male (Mitch) to serve as a second assistant manager- a position that Plaintiff reasonably believed was created in an attempt to avoid advancing him into a full manager position.

33. Mitch soon became acquainted with Plaintiff's regional manager, Mike Urbom ("Mr. Urbom"). Mr. Urbom is a white male.

34. During Mitch's employment, he repeatedly demonstrated discriminatory and hostile behavior towards Mr. Beasley including, but not limited to berating him, deliberately steering customers away from Plaintiff, and falsely accusing Plaintiff for attempting to start a physical altercation with Mitch.

35. Plaintiff reported these incidents to Mr. Urbom, but no disciplinary action was taken against Mitch.

36. In approximately February 2017, management took excessive steps to hire a white female, Elizabeth Marquez ("Ms. Marquez"), from California to fill the vacant role as manager in the Kansas store. Again, Plaintiff reasonably believed this was a deliberate effort by Defendant to avoid promoting him.

37. Upon information and belief, Plaintiff was alerted by Ms. Marquez, that Mr. Urbom wanted her to terminate Plaintiff's employment, stating that "no one would be upset if Quez, [Plaintiff], were to go away".

38. Plaintiff, as well as other African American employees were required to work a disproportionate number of hours compared to their non-African American counterparts.

39. In approximately November 2017, DXL employed a Caucasian female to serve as store associate (Julia or "store associate").

40. During her employment, Julia demonstrated hostility towards Plaintiff.

41. On several occasions, the store associate refused to or reluctantly acted on Plaintiff's orders or instructions.

42. During the same month, the store associate deliberately smashed Plaintiff's cell phone due to her own frustrations with the instructions that Plaintiff was required to give her to perform her duties.

43. Plaintiff reported these incidents to Ms. Marquez, Mr. Urbom, and to Steve Hearns (HR personnel). However, no disciplinary action was taken against the associate.

44. Instead, management offered $350.00 to replace Plaintiff's phone. This amount was significantly lower than the value of the phone that Plaintiff was using at the time, the iPhone 6.

45. Mr. Beasley continued to work in a hostile environment that caused him great discomfort and stress.

46. In approximately December 2017, Mr. Beasley's employment was abruptly and unjustifiably terminated.

47. Mr. Beasley was his family's source of income and being terminated from DXL created a substantial hardship on him and his family.

48. Ms. Beasley has suffered lost wages and benefits from DXL, for past and future earnings that he would have been entitled to and received, but for, his discriminatory, retaliatory and unlawful termination.

49. In addition to the severe economic loss suffered by Mr. Beasley and his family, he has also suffered significant humiliation, depression, and anxiety.

50. DXL is required by law to engage in the interactive process in order to identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.

## COUNT I-
### Prohibited Retaliation (in Violation of Title 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count I of his cause of action for Retaliation pursuant to 42 U.S.C. 1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) states:

56. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

57. Mr. Beasley engaged in protected activity by reporting discrimination, harassment and hostility within his workplace.

58. Plaintiff raised a complaint of race discrimination and other unlawful conduct with Defendant.

59. Defendant retaliated against Plaintiff by ignoring his repeated complaints of discrimination and retaliation.

60. Plaintiff's protected activity in opposing discrimination was a motivating factor in Defendant's retaliation.

61. Mr. Beasley suffered an adverse employment action as a consequence of his engaging in protected activity.

62. There is a direct causal connection between Mr. Beasley's protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that DXL have violated 42 U.S.C. §1981 and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT II- Prohibited Race Discrimination in Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count II of his Petition, his cause of action for prohibited Race Discrimination (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) against DXL alleges and states as follows:

73. Plaintiff hereby restates and incorporates by reference, every other paragraph set

*Clerk of the District Court, Johnson County Kansas*
*11/25/20 01:58pm ST*

forth in this Petition as if fully set forth herein.

74. Plaintiff is an African American/black male citizen of the United States.

75. During the course and scope of Plaintiff's employment, DXL representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race.

76. Despite having no legitimate disciplinary concerns or other performance deficiencies, Defendant denied Plaintiff of employment opportunities.

77. Plaintiff was hired into and maintained a position in which he was qualified for.

78. Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

79. Plaintiff was not treated equally with regard to Defendant's application of its workplace policies.

80. Defendant's application of its workplace policies in regard to Plaintiff were intentional acts of discrimination based on Plaintiff's race.

81. Plaintiff raised a Petition of discrimination with Defendant.

82. Defendant finalized the denial of Plaintiff employment opportunities.

83. Upper management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff based on his race.

84. But for Plaintiff's African American race, he would not have suffered discrimination from DXL and its agents.

85. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore

Plaintiff is entitled to punitive damages from DXL to punish DXL' and to deter it and others from like conduct.

86. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against DXL on Count IV of his Petition, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*); for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Mr. Beasley requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 W. STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**

20EF232368

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MARQUEZ L BEASLEY

                Plaintiff                Case No: 20CV04908

vs                                        Division:   11

                                            K.S.A. Chapter 60

DESTINATION XL GROUP  INC

                Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for DESTINATION XL GROUP  INC whose address for service is:

    9702 QUIVIRA RD
    LENEXA, KS 66215

Service through the Sheriff of JOHNSON County, State of Kansas, other than by certified mail.

PLEASE LEAVE A COPY OF THE PETITION AND SUMMONS WITH MANAGER AT THE STORE LOCATION. THANK YOU. HAPPY THANKSGIVING.

                                        By: /s/ GERALD GRAY
                                          GERALD GRAY, #26749
                                          2300 MAIN ST, STE 900
                                          KANSAS CITY, MO 64108
                                          816-309-5208

*Clerk of the District Court, Johnson County Kansas*
*11/25/20  01:58pm ST*

```
          JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

                                                     CASE NO. 20CV04908
                                                     CHAPTER  60
MARQUEZ L BEASLEY
                                (PLAINTIFF)

DESTINATION XL GROUP  INC
9702 QUIVIRA RD
LENEXA, KS 66215
                             (PARTY OF RECORD)



                        SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS AND PETITION by delivering a copy of
each to DESTINATION XL GROUP  INC, personally, at 9702 QUIVIRA RD, on
DECEMBER 02 2020, at 1337 hours.


All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.


Executed:  December 2, 2020


Attorney for Plaintiff
GERALD GRAY
                                         Calvin Hayden-Sheriff
                                         Johnson County, Kansas


                                         By /s/ WILLIAMS, MICHAEL, 744

                                         Electronically Signed


Additional Notes:
SERVED MITCH MATHY, MANAGER
```

*Clerk of the District Court, Johnson County Kansas*
*12/02/2020 13:36:17 JL*

20CV04908<br>Div11

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| MARQUEZ L. BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20CV04908 |
| | ) |
| DESTINATION XL GROUP, INC., | ) Division 11 |
| | ) |
| Defendant. | ) |

## MOTION FOR CLERK'S EXTENSION OF TIME

Pursuant to Kansas Supreme Court Rule 113, Defendant Destination XL Group, Inc. ("Defendant"), by special appearance and without waiving any jurisdictional defenses[1], respectfully requests a 14-day clerk's extension, up to and including January 6, 2021, to answer or otherwise respond to the Petition for Damages ("Petition") filed by Marquez L. Beasley in the above-captioned matter.  According to Plaintiff, Defendant was served with a summons and the Petition on December 2, 2020.  Pursuant to KSA 60-212(a)(1)(A), assuming service was properly accomplished on that date, Defendant's current deadline to answer or otherwise respond to the Petition is December 23, 2020.  Thus, the original deadline for Defendant to answer or otherwise respond to the Petition has not yet passed.  This is the first requested extension to this deadline.  Pursuant to Rule 113, Defendant is submitting to the clerk and serving on opposing counsel a proposed order granting this request for extension.

---

[1] Defendant submits this motion for a clerk's extension to respond to Plaintiff's Petition without waiving any defenses that Defendant may have to this action including, but not limited to, this Court's lack of personal jurisdiction over it and/or improper service of process by Plaintiff.

<i>Clerk of the District Court, Johnson County Kansas<br>12/18/20  11:28am NG</i>

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, KS Bar #20457
7101 College Blvd., Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of December 2020, a true and accurate copy of the foregoing was filed electronically via the Court's electronic filing system with a copy sent via electronic mail to the following counsel of record:

Gerald Gray II
G. GRAY LAW, LLC
104 W. 9th Street, Suite 401
Kansas City, MO 64105
ggraylaw@outlook.com

ATTORNEY FOR PLAINTIFF

*/s/ Kyle B. Russell*
ATTORNEY FOR DEFENDANT

20CV04908
Div11

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| MARQUEZ L. BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20CV04908 |
| ) | |
| DESTINATION XL GROUP, INC., ) | Division 11 |
| ) | |
| Defendant. ) | |

## CLERK'S EXTENSION OF TIME

Defendant Destination XL Group, Inc. ("Defendant") is hereby granted a 14-day extension to answer or otherwise respond to the Petition. The time originally prescribed for Defendant to answer or otherwise respond to the Petition has not expired. The original deadline was December 23, 2020 and that deadline is extended to January 6, 2021.

BY ORDER OF THE CLERK, as authorized by Kansas Supreme Court Rule 113. This order is effective as of the date and time shown on the electronic file stamp.

/s/ NICOLE GARY
Dated: 12/18/20

CLERK OF THE DISTRICT COURT